IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35030-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DANNY TRICE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Danny Trice appeals his conviction for second degree assault. We affirm.

FACTS

This case stems from an altercation between Mr. Trice and a man named John Radke. Mr. Radke was the landlord of the apartment building in which Mr. Trice had been staying as an unauthorized tenant. Mr. Radke had tried to force Mr. Trice out of the apartment on several occasions. He would pound on the apartment door and yell at Mr. Trice to leave. However, Mr. Radke's attempts at self-help eviction were unsuccessful.

On the day of the altercation, Mr. Trice awoke to the sound of Mr. Radke once again pounding on the apartment door. Mr. Trice had recently suffered multiple heart attacks and two friends were with him in the apartment at the time. In response to Mr. Radke's pounding, Mr. Trice opened the door by removing a long metal pipe that he had

used to secure the apartment. Mr. Radke yelled at Mr. Trice about his continued presence in the apartment. He also asked about the whereabouts of Mr. Trice's car. Mr. Trice responded it was none of his business and shut the door.

What followed next was the subject of dispute. According to Mr. Radke, he proceeded to knock on the apartment door again, causing it to swing open. Mr. Trice then came out of the apartment and tried to spear Mr. Radke with the pipe. Mr. Radke testified he grabbed the pipe and pulled on it. This caused Mr. Trice to move out of the apartment and into the hallway. A struggle then ensued between Mr. Radke and Mr. Trice with both men holding onto the pipe.

Mr. Radke testified that during the struggle over the pipe, one of Mr. Trice's friends came out of the apartment to help. Mr. Radke was unsure whether Mr. Trice called to his friend for help, but once out the friend started striking Mr. Radke across the shoulders and back with a hammer. According to Mr. Radke, Mr. Trice asked his friend to hit Mr. Radke in the head. The friend continued to hit Mr. Radke with the hammer, striking glancing blows to Mr. Radke's shoulders, back, and side. The strikes continued until Mr. Radke let go of the pipe. Mr. Radke testified that after the fight ended, Mr. Trice and his friend retreated back into the apartment. The police showed up approximately 15 minutes later.

Mr. Trice provided a different description of the altercation. He testified that when he originally tried to shut the door and secure it with the metal pipe, Mr. Radke pounded on and kicked the door and it sprung open. This startled Mr. Trice. He feared he was going to have another heart attack. When Mr. Trice stepped forward, Mr. Radke grabbed the pipe and pulled it and Mr. Trice into the hallway. Both men held the pipe, and struggled for about 30 seconds when Mr. Trice felt he was going to fall down because he could not breathe. Mr. Trice testified he was afraid of Mr. Radke because he was a larger man, weighing about 350 pounds. Mr. Trice yelled for help and he saw his friend come out of the apartment and swing something three or four times, almost striking Mr. Trice once. Mr. Trice testified he yelled, "'don't hit me. Don't hit me in the head.'" 2 Report of Proceedings (Nov. 29, 2016) at 218. Mr. Trice testified that his friend hit Mr. Radke with the hammer several times until Mr. Radke let go of the pipe. Mr. Trice and his friend then ran back into the apartment and called the police.

Mr. Trice was charged with two counts of second degree assault. In addition to the to-convict jury instructions, the trial court provided jury instructions on self-defense, the right to act on appearances, the right to stand one's ground, and no duty to retreat.

The jury found Mr. Trice guilty of one count of second degree assault (accomplice liability for the assault with the hammer) and one count of the lesser included offense of

3

fourth degree assault (assault with the metal pipe). At sentencing, the State

acknowledged the two counts of assault should merge. Mr. Trice's judgment and

sentence reflects the State's merger concession and states Mr. Trice was convicted of only

one count of second degree assault. Mr. Trice appeals.

ANALYSIS

*Sufficiency of the evidence*

Mr. Trice claims insufficient evidence supports his assault convictions because the

State failed to prove the absence of self-defense. We disagree. Mr. Trice's arguments

fail to acknowledge the applicable standard of review. Regardless of the strength of Mr.

Trice's self-defense claim, the current posture of the case requires us to view the evidence

in the light most favorable to the State. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470

(2010). Under this standard, "'all reasonable inferences from the evidence must be

drawn in favor of the State and interpreted most strongly against the defendant.'" *Id.*

(quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

Given the nature of the applicable standard of review, we look to Mr. Radke's

testimony for our assessment of the sufficiency of the State's case. According to Mr.

Radke, Mr. Trice escalated a verbal dispute into a physical altercation by coming out of

the apartment and trying to spear Mr. Radke with a metal pipe. Under Mr. Radke's

4

version of events, Mr. Radke only deployed force against Mr. Trice in order to stop Mr.

Trice.  As Mr. Radke and Mr. Trice were struggling over the pipe, Mr. Trice's friend

came out of the apartment and started attacking Mr. Radke with a hammer.  Mr. Trice

then encouraged further assault by instructing his friend to use the hammer to hit Mr.

Radke in the head.

The jury was entitled to believe Mr. Radke's version of events.  Under Mr.

Radke's account, Mr. Trice was not defending himself.  Instead, Mr. Trice was the

aggressor, as he initially committed fourth degree assault by trying to spear Mr. Radke

with the pipe and then committed second degree assault (as an accomplice) by instructing

his friend to hit Mr. Radke in the head with the hammer.

The State met its burden of proof.

## *Double jeopardy*

Mr. Trice argues he was twice convicted for the same offense in violation of the

constitutional prohibition against double jeopardy.[1]  We disagree.  Although the jury

found Mr. Trice guilty of two counts of assault, the two counts were merged at

sentencing.  Only one conviction is listed in the judgment.  No further remedy is

warranted.  *State v. Freeman*, 153 Wn.2d 765, 108 P.3d 753 (2005).

---

[1] U.S. CONST. amend. V; WASH. CONST. art. I, § 9

No. 35030-4-III
*State v. Trice*

CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Pennell, A.C.J.

WE CONCUR:

Siddoway, J.                    Fearing, J.

6